# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**ROBERT LEE THOMAS, JR.**                                                  **PLAINTIFF**

v.                                                          **CIVIL ACTION NO. 1:17CV-93-GNS**

**KENTUCKY'S STATE GUARDIAN SYSTEM**                                 **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Robert Lee Thomas, Jr., proceeding *pro se*, filed a complaint (DN 1) on his own paper. Subsequently, the Clerk of Court sent Plaintiff a deficiency notice which, in part, directed Plaintiff to resubmit this action on the appropriate form. Thereafter, Plaintiff filed this action on a 42 U.S.C. § 1983 form (DN 4). The complaint (DNs 1 & 4) is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff describes himself as being "disabled" and "[t]ormented." Plaintiff names "Kentuckys State Guardian System" as the sole Defendant in this action. In his complaint, Plaintiff states that he "asked for state guardianship which was a big mistake. Thier incompetence is unbearable. I thought I'd get better care than the county where 'crack' was invented-McCRACKEN County." Plaintiff states that he has had four guardians. According to Plaintiff, "[t]he first guardian appointed by McCracken County Court in Paducah made my $2,000.00 disappear right after he said on the phone to come and get it . . . ." This first guardian, Plaintiff complains, "didnt even get my rent subsidized." Plaintiff states that the second guardian "went out of business to go back to school or something, and made my valuable 1937 dollar bill

disappear . . . ." According to Plaintiff, the third guardian "promised to put ALL of my belongings in storage if I went with them, which they did not . . . [she did] more harm than good . . . they ALL lied to me, approx. $7,000.00 work of damages." Plaintiff further states that the third guardian lost the only pictures of Plaintiff's mother and "left [Plaintiff's] $1,700.00 motor scooter." According to Plaintiff, the fourth and present guardian "is holding me back from getting an apt. issued to me . . . he said its because I write letters to federal authorities trying to have them investigated." Further, Plaintiff states that "[t]hey took away my established apartment and have me doing time in a mental institution overflow facility." As relief, Plaintiff seeks monetary damages, "FREEDOM FROM GUARDIANSHIP," and a "subsidized rent apartment."

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*,

2

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  LEGAL ANALYSIS

Title 42, United States Code, Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Plaintiff does not bring this action against a person, but against "Kentuckys State Guardian System." Thus, this § 1983 action fails. "Kentucky's Public guardianship program is administered by the Division of Guardianship in the Cabinet for Health and Family Services." *See* http://chfs.ky.gov/dail/guardianship.htm. Even if the Court were to construe this action as being brought against the Cabinet for Health and Family Services ("Cabinet"), it fails.

3

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) ("The Cabinet [for Health and Family Services] is not a 'person' subject to suit under section 1983."). Additionally, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment[1] or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (l979)). Thus, the Eleventh Amendment acts as a bar to all claims for relief against the Cabinet. *See Sefa v. Kentucky*, 510 F. App'x at 437 ("Because Kentucky has not waived its Eleventh Amendment immunity and Congress has not abrogated state sovereign immunity under sections 1981 and 1983 . . . [plaintiff's] claims against the Cabinet cannot proceed.").

Accordingly, this action will be dismissed by separate Order.

Date: October 17, 2017

                                                                      **Greg N. Stivers, Judge**
                                                        **United States District Court**

cc:    Plaintiff, *pro se*
       Defendant
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.003

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).